IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIA E. ROBERSON,            )<br>    Plaintiff,            )<br>                                             )<br>v.                                          )<br>                                             )<br>BANCORPSOUTH BANK, INC.,  )<br>    Defendant.            )<br>                                             )<br>                                             )<br>ADRIA E. ROBERSON,            )<br>    Plaintiff,            )<br>                                             )<br>v.                                          )<br>                                             )<br>BANCORPSOUTH BANK, INC., *et al.*,  )<br>    Defendants.            )  | CIVIL ACTION 12-0669-WS-N<br><br><br><br><br><br><br><br>CIVIL ACTION 12-0716-CG-N |

**ORDER**

On January 30, 2013, the undersigned entered a Show Cause Order (doc. 11) in both of these related cases. That Show Cause Order pointed out that, because of plaintiff's election to split her federal and state-law claims into parallel state-court and federal-court lawsuits and defendants' decision to remove the state-court action on diversity grounds, "there are now two different lawsuits pending in this District Court before two different District Judges concerning Roberson's claims that she was sexually harassed by Webb and otherwise treated unfairly during her employment at Bancorp." (Doc. 11, at 1.) The January 30 Order also observed that this state of affairs implicated the rule against claim-splitting, as well as concerns of efficiency and judicial economy. On that basis, the January 30 Order directed the parties to show cause (if any exists) why these two actions should not be consolidated for all purposes, including trial, pursuant to Rule 42(a), Fed.R.Civ.P.

In response to the Show Cause Order, plaintiff explained that she had a pending Motion to Remand in Civil Action No. 12-0716-CG-N, and that if such Motion to Remand were granted, claim-splitting concerns would dissipate because the two related cases would then be litigated in two different fora. On that basis, plaintiff requested "that these cases not be consolidated until

such time as a ruling may be received on the pending Motion to Remand in 1.12-cv-00716-N." (Doc. 13, at 2.)  For its part, defendant BancorpSouth responded to the Show Cause Order by indicating that it "shares the Court's opinion that litigating these two cases separately is a waste of judicial resources," and that its intent was "to ask the Court to consolidate the two cases" if and when the Motion to Remand were denied.

That scenario has now come to pass.  On June 13, 2013, Judge Granade entered an Order in Civil Action No. 12-716-CG-N denying the Motion to Remand.  In that Order, Judge Granade expressly determined "that Webb [the non-diverse defendant] was fraudulently joined and that the case was properly removed to this court."  (Civil No. 12-716, doc. 28, at 12.)  In light of this ruling, both actions are and will remain in federal court, and all of the concerns that this Court expressed in the January 30 Order have returned to the fore.

Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation when "actions before the court involve a common question of law or fact."  *Id.*  The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court."  *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").  District courts in this Circuit have been "encouraged … to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

The Court readily concludes that consolidation is appropriate here, pursuant to Rule 42(a).  Again, both actions involve the same facts and the same dispute, except that one case is limited to federal causes of action and the other is confined to state-law claims.  They are two

sides of the same coin, two halves of the same whole.  In both actions, plaintiff is alleging that she was sexually harassed and otherwise treated unfairly during her employment at BancorpSouth, with the only difference between the two cases being the specific legal theories of recovery invoked.  To proceed along a two-tracked path in federal court with two different lawsuits pending before two different judges would offend the rule against claim-splitting, not to mention that it would be inordinately wasteful and needlessly time-consuming for judges and litigants alike.  Based on considerations of efficiency, judicial economy, the risk of inconsistent rulings on common questions, the burden on the parties and the court, and the relative expense of proceeding separately versus together, consolidation of these actions would plainly streamline the proceedings and eliminate unnecessary repetition and confusion.  Simply stated, it would be far more sensible and efficient to litigate questions concerning Roberson's claims of mistreatment and harassment during her employment at BancorpSouth in a single proceeding than to do so in multiple actions.[1]

For all of the foregoing reasons, the Court exercises its discretion in favor of **consolidating these actions for all purposes**, through and including trial, pursuant to Rule 42(a).  To effectuate consolidation, the Clerk of Court is **directed** to extract documents 1 through 28 from Civil Action 12-0716-CG-N and to make those documents part of the court file in Civil Action 12-0669-WS-N.  Furthermore, the Court finds that there is no present reason to maintain Civil Action 12-0716-CG-N as an open file.  Therefore, the Clerk of Court is **directed** to submit a JS-6 to the Administrative Office which indicates that 12-0716 is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid confusion, and given that 12-0716 will henceforth be a closed file that has been swallowed whole by 12-0669, the parties are **ordered** not to include the caption of 12-0716 in any future filings and not to file any pleadings, motions or other papers directly in 12-0716.  Rather, all future filings in these consolidated proceedings should be made exclusively in 12-

---

[1]    Moreover, the Court has no reason to believe that any party would object to this course of action.  In BancorpSouth's response to the Show Cause Order, it expressed agreement with the proposed consolidation, questioning only the timing of such a maneuver.  Meanwhile, plaintiff's only stated objection to consolidation (*i.e.*, that the Motion to Remand had not yet been ruled on) has been obviated by intervening events.

0669.  This consolidated action shall operate henceforth under the Rule 16(b) Scheduling Order (doc. 16) entered in Civil Action 12-0669 on March 1, 2013.

In light of the foregoing consolidation, this Court will take under submission the Motion for Judgment on the Pleadings (doc. 6) filed by defendants in Civil Action 12-716, which has been pending since December 13, 2012 and is now ripe for disposition.

DONE and ORDERED this 14th day of June, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE