IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIA E. ROBERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0669-WS-N |
| | ) |
| BANCORPSOUTH BANK, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter comes before the Court on defendants' Motion for Judgment on the Pleadings (doc. 26, at #6) with respect to all state-law claims interposed by plaintiff. The Motion has been briefed and is now ripe for disposition.

**I.     Background.**

In this consolidated action, plaintiff, Adria Roberson, asserts both state-law and federal-law claims arising from allegations of workplace sexual harassment. In addition to Title VII claims of sexually hostile work environment, sex discrimination and retaliation leveled at defendant BancorpSouth Bank, Inc., Roberson brings common-law claims under Alabama law. Specifically, the Complaint purports to assert a claim of negligent/wanton hiring, training and supervision against Bancorp, as well as a claim of outrage against Bancorp and defendant Phillip Webb.

The outrage claim is predicated on the following well-pleaded factual allegations in the Complaint: (i) when Roberson reported Webb's sexually harassing conduct, Bancorp "intentionally took no corrective action" and instead allowed or participated "in the tarnishing of Mrs. Roberson's reputation and/or fabrication of fraudulent basis for her termination" (doc. 26, at #1-1, ¶ 22); (ii) in response to Roberson's harassment complaints, Bancorp and Webb "systematically targeted her person in the hope that she would voluntarily resign her position" (*id.*, ¶ 23); and (iii) the "hostile targeting" by defendants "was so extreme and outrageous so as not to be tolerated in a civilized society" (*id.*, ¶¶ 23-24).

With respect to the negligent/wanton hiring, training and supervision claim, the Complaint alleges that Webb was unfit to supervise Roberson; that Bancorp knew or should have known of Webb's incompetence and unfitness had it performed proper screening, background checks and investigation; that Bancorp failed to train and supervise Webb to prevent him from engaging in harassment; and that Bancorp failed to remedy the sexually hostile work environment to which Roberson was subjected, and allowed her to be systematically targeted and terminated when she objected to that mistreatment. (*Id.*, ¶¶ 14-20.)

Certain other facts pleaded in the Complaint shed light on the nature of the alleged harassment about which Roberson is complaining. In particular, plaintiff's pleading alleges that Webb exposed her to "emails discussing the degree to which office … personnel were physically attractive," "verbal commentary regarding the use of Viagra and its effects," "disbursement of Viagra … while making sexually suggestive … comments," "emailing office jokes" with coarse punchlines, and exposure to "nude or partially nude photographs which inappropriately highlighted human anatomy." (Doc. 26, at #1-1, ¶ 10.)

**II.    Analysis.**

   *A.    Applicable Legal Standard.*

Defendants' Motion is styled as one for judgment on the pleadings, pursuant to Rule 12(c), Fed.R.Civ.P. "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted); *see also Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) ("Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.") (citations omitted). As a general rule, courts "will not consider matters outside the pleadings when passing on a Rule 12(c) motion." *Horsley v. Feldt*, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002).[1]

---

[1] The limited purposes and obvious utility of Rule 12(c) motions have been summarized as follows: "Judgment on the pleadings is, of course, not lightly to be given. On the other hand, litigants should not be required to go through the full and elaborate process of trial of issues when there is a dominating legal principle governing liability which is dispositive of the case without the necessity of trial." *M.R. v. Board of School Com'rs of Mobile County*, (Continued)

### B. *Outrage Claim.*

As an initial matter, defendants contend that they are entitled to judgment on the pleadings on Roberson's outrage claim. To recover on a claim of outrage under Alabama law, a plaintiff must prove that the defendant's conduct "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *S.B. v. Saint James School*, 959 So.2d 72, 93 (Ala. 2006) (citations omitted); *see also Little v. Robinson*, 72 So.3d 1168, 1172 (Ala. 2011) (same).

To establish the "extreme and outrageous" element for this Alabama tort, the plaintiff must prove "conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *S.B.*, 959 So.2d at 93 (citations omitted). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not equate to a cognizable claim of outrage. *Ex parte Bole*, 103 So.3d 40, 52 (Ala. 2012) (citations omitted); *see also B.V. v. Davidson*, 77 So.3d 1187, 1191-92 (Ala.Civ.App. 2010) ("A plaintiff seeking to establish the tort of outrage bears a heavy burden. The tort of outrage was not developed to provide a person with a remedy for the trivial emotional distresses that are common to each person in his everyday life.") (citations and internal quotation marks omitted). Indeed, this tort is limited to "egregious circumstances" and is "only found in rare circumstances." *Hamilton v. City of Jackson*, 508 F. Supp.2d 1045, 1060 (S.D. Ala. 2007); *see also Bole*, 103 So.3d at 52 ("The tort of outrage is an extremely limited cause of action.") (citations omitted).

As noted *supra*, the outrage claim presented in Roberson's Complaint focuses solely on defendants' alleged tarnishing of her reputation, fabrication of a fraudulent basis for her termination, and hostile targeting of her in unspecified ways after she complained of sexual harassment in the workplace. In their Rule 12(c) Motion, defendants argue that such conduct does not meet the stringent legal standard for a cognizable claim of outrage. Case law lends at least facial support to defendants' position, as various courts applying Alabama law have deemed

---

2012 WL 2931263, *1 n.4 (S.D. Ala. July 18, 2012) (citation omitted); *see also Scranton Times, L.P. v. Wilkes-Barre Pub. Co.*, 2009 WL 3100963, *2 (M.D. Pa. Sept. 23, 2009) ("A court should only grant a motion for judgment on the pleadings if it is clear that the merits of the controversy can be fully and fairly decided in this summary manner.").

garden-variety retaliation by an employer not to give rise to an outrage cause of action. *See, e.g., Palmer v. Infosys Technologies Ltd. Inc.*, 888 F. Supp.2d 1248, 1254 (M.D. Ala. 2012) ("Palmer asserts that the campaign of harassment and, in particular, the numerous threats he has received are sufficient to state a claim of outrage under Alabama law. … Courts have frequently rejected outrage claims based on similar accusations of threats and disparate treatment at work.") (footnote omitted); *Short v. Mando American Corp.*, 805 F. Supp.2d 1246, 1277 (M.D. Ala. 2011) (claims of outrage predicated on employment discrimination and retaliation "do not fall within the three limited circumstances recognized by the Alabama Supreme Court for the tort of outrage"); *Walker v. ITT Educational Services, Inc.*, 2013 WL 979087, *4 (N.D. Ala. Mar. 13, 2013) ("[I]f the tort of outrage were recognized under the circumstances alleged in this case, it would mean that the tort of outrage would exist in every … case when an employer … discriminates or retaliates against a[n] … employee – a result not consistent with the 'extremely limited' nature of the tort of outrage in Alabama.") (citation omitted).

Confronted with this line of argument, plaintiff neither identifies authorities nor presents legal argument to show that allegations of systematic targeting and retaliation for reporting sexual harassment can support a viable claim of outrage under Alabama law. She thus provides this Court with no principles, theories or cases that might allow this outrage claim to survive Rule 12(c) scrutiny.[2] Instead, Roberson shifts gears in her response brief, where she recasts her outrage claim as arising from Webb's alleged sexually harassing conduct itself. (Doc. 26, at #9, at 2-3.)[3] Assuming that the Complaint can reasonably be read as framing Roberson's outrage

---

[2] The undersigned cannot and will not endeavor to articulate and develop such arguments for her. *See, e.g., Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by the parties"); *Branch Banking and Trust Co. v. Howard*, 2013 WL 951652, *4 (S.D. Ala. Mar. 8, 2013) ("a court is not obligated to read minds and ordinarily will not construct arguments or theories that a party has failed to raise"); *Selman v. CitiMortgage, Inc.*, 2013 WL 838193, *15 n.24 (S.D. Ala. Mar. 5, 2013) ("This Court cannot and will not fill in the blanks for an argument that plaintiffs have not developed.").

[3] In that regard, she characterizes the Rule 12(c) Motion as arguing that her pleadings "did not allege in graphic enough detail the instances of sexual harassment," cites authority for the proposition that the tort of outrage "is recognized under Alabama law in cases of sexual harassment," states that she "has listed various instances of sexual harassment," argues that "the nature of the sexual harassment is not before this Court, so it cannot be weighed as either trivial or egregious," and insists that "she is asserting that the sexual harassment itself was (Continued)

claim in terms of Webb's alleged sexually harassing conduct, this theory would not save the claim from Rule 12(c) dismissal.  The insuperable obstacle facing plaintiff is Judge Granade's Order (doc. 26, at #28) entered on June 13, 2013.  The June 13 Order addressed the jurisdictional issue of whether removal of the state-law claims to federal court on diversity of citizenship grounds (prior to consolidation of the Alabama claims with Roberson's separately filed Title VII claims) was jurisdictionally permissible.  In so doing, Judge Granade examined whether Webb (a non-diverse defendant) was fraudulently joined, rendering his citizenship immaterial under 28 U.S.C. § 1332.  The June 13 Order unambiguously answered this question in the affirmative.  On that score, Judge Granade opined that "the facts … do not constitute the type of egregious sexual harassment that courts in Alabama have found to satisfy a claim for outrage."  (Doc. 26, at #28, at 11 (footnote omitted).)  Her conclusion was as follows: "On the uncontested facts before the court here, there simply is no possibility that plaintiff can state a viable cause of action against Webb for outrage."  (*Id.* at 12.)

Judge Granade's determination in the June 13 Order that defendant Webb was fraudulently joined because there was no possibility that plaintiff's allegations of sexual harassment could state a viable cause of action for outrage is dispositive in the Rule 12(c) analysis.  Where fraudulent joinder exists, the appropriate course of action is to dismiss the fraudulently joined defendant, especially where the defendant submits a proper motion for such relief (as Webb has done).  *See, e.g., Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (in fraudulent joinder situation, "the federal court must dismiss the non-diverse defendant"); *Dumas v. ACCC Ins. Co.*, 2009 WL 3358479, *3 (11th Cir. Oct. 20, 2009) (where district court found that defendant was fraudulently joined, "the district court correctly dismissed him from the action").  Simply put, the June 13 Order made a legal finding that there was no possibility that Roberson could state a viable Alabama claim of outrage based on the specific

---

an outrage as recognized by Alabama law." (Doc. 26, at #9, at 2-3.)  Plaintiff belabors the point elsewhere in her brief, arguing that "Outrage is a viable claim under Alabama law in cases of sexual harassment, and that the Plaintiff has made such a claim." (*Id.* at 4.)  Certainly, a fair reading of plaintiff's brief is that she relies on allegations of sexual harassment as the basis of her outrage claim and that she articulates no explanation, argument or legal analysis to demonstrate how any retaliation component of her outrage claim might be actionable under the stringent Alabama legal standard, so as to survive Rule 12(c) review.

acts of alleged sexual harassment perpetrated by Webb. Plaintiff defends her outrage claim from defendants' Rule 12(c) Motion solely by arguing that her allegations of sexual harassment suffice to state an outrage claim under Alabama law; however, the June 13 Order conclusively forecloses that line of argument.

For all of the foregoing reasons, the Court finds that no issues of material fact exist, and that defendants are entitled to judgment as a matter of law on the outrage claim asserted by Roberson. Accordingly, defendants' Motion for Judgment on the Pleadings is **granted** with respect to plaintiff's claim for the Alabama tort of outrage.

### C. *Negligent Hiring/Training/Supervision/Retention.*

Defendant Bancorp also seeks judgment on the pleadings on plaintiff's claim of negligent/wanton hiring, training, supervision and retention. For a plaintiff to establish such a claim under Alabama law, she "must prove the underlying wrongful conduct of employees." *Short*, 805 F. Supp.2d at 1277 (citations omitted); *see also Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So.3d 1185, 1196 (Ala. 2008) (dismissing negligent/wanton supervision claim against employer upon holding that plaintiffs' claims of wrongful conduct by employees had been properly dismissed); *Ogletree v. Bank of America, N.A.*, 2012 WL 4340024, *9 (N.D. Ala. Sept. 17, 2012) ("when a court concludes that the underlying purportedly wrongful conduct committed by the agent does not survive summary judgment, then the related negligent training and supervision claim is also subject to dismissal").

"Furthermore, the underlying conduct must constitute a common-law, Alabama tort committed by the employee, not … a federal cause of action such as Title VII." *Short*, 805 F. Supp.2d at 1277 (citations and internal quotation marks omitted).[4] The reasoning animating

---

[4] *See also Shuler v. Ingram & Associates*, 2011 WL 4495624, *6 (11th Cir. Sept. 29, 2011) ("[h]ere, the Shulers's wanton and reckless supervision and training claim fails as a matter of law because they have failed to establish that Ingram's employees committed any tort under Alabama law"); *Buckentin v. SunTrust Mortg. Corp.*, --- F. Supp.2d ----, 2013 WL 830887, *11 (N.D. Ala. Mar. 4, 2013) ("not just any 'incompetency' suffices to give rise to a cause of action for so-called negligent hiring, training, and supervision liability. Rather, Plaintiffs must prove that an allegedly incompetent employee committed a state law tort."); *Thrasher v. Ivan Leonard Chevrolet, Inc.*, 195 F. Supp.2d 1314, 1320 (N.D. Ala. 2002) ("In order to establish a claim against an employer for negligent supervision, training, and/or retention, the plaintiff must establish that the allegedly incompetent employee committed a common-law, Alabama tort.") (citations omitted); *Williams v. Daiichi Sankyo, Inc.*, 2012 WL 3627765, *3 (N.D. Ala. Aug. 21, (Continued)

Case 1:12-cv-00669-WS-N   Document 27   Filed 06/19/13   Page 7 of 8

Bancorp's Rule 12(c) Motion is straightforward, to-wit: In the absence of any allegation that Webb committed any other common-law Alabama tort, dismissal of Roberson's outrage claim is fatal to her ability to pursue a separate cause of action against Bancorp for negligent/wanton hiring, training, supervision and retention. In response, plaintiff does not quarrel with the premise that she must allege a viable underlying Alabama common-law tort against Webb in order to assert a claim against Bancorp for negligent/wanton hiring, training, supervision and retention. Nor does Roberson identify other predicate torts that might support such a claim against Bancorp. Instead, plaintiff's argument begins and ends with the following explanation: "Given that Outrage is a viable claim under Alabama law in cases of sexual harassment, and that the Plaintiff has made such a claim, the entire basis for the Defendants' argument against the Plaintiff's claim for negligent hiring, training, and supervision is without merit." (Doc. 26, at #9, at 4.)

The problem, of course, is that Judge Granade and this Court have held that Roberson's Complaint does not plead a viable claim of outrage against Webb. As such, there is no underlying Alabama tort claim against Webb on which plaintiff may bootstrap a negligent/wanton hiring, training, supervision and retention claim against Bancorp. That claim is properly **dismissed** under Rule 12(c), Fed.R.Civ.P.

**III.   Conclusion.**

For all of the foregoing reasons, the Court finds that no issues of material fact exist, and that defendants are entitled to judgment as a matter of law on the state-law claims based on the substance of the pleadings. Accordingly, defendants' Motion for Judgment on the Pleadings (doc. 26, at #6) is **granted**. Plaintiff's state-law claim of outrage against Bancorp and Webb is **dismissed**. Plaintiff's state-law claim of negligent/wanton hiring, training, supervision and retention against Bancorp is likewise **dismissed**. There being no other claims or causes of action pending against Phillip Webb, the Clerk of Court is directed to **terminate** that defendant as a

---

2012) ("The plaintiff must allege underlying wrongful conduct that is an Alabama common law tort to support a claim of wanton supervision."); *Rabb v. Georgia Pacific, LLC*, 2010 WL 2985575, *16 (S.D. Ala. July 26, 2010) ("Because Alabama does not recognize a common-law tort for race discrimination in employment, this Court finds that Rabb cannot maintain an action for negligent supervision based upon conduct that is employment discrimination, but does not support a common-law tort.") (citation and internal quotation marks omitted).

party.  This action shall proceed with respect to Roberson's Title VII claims against Bancorp on theories of sexually hostile work environment, gender discrimination, and retaliation.

    DONE and ORDERED this 19th day of June, 2013.

                                                s/ WILLIAM H. STEELE
                                                CHIEF UNITED STATES DISTRICT JUDGE