**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ADRIA E. ROBERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 12-0669-WS-N** |
| | ) | |
| **BANCORPSOUTH BANK, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Leave to File Amended Complaint (doc. 36). The Motion has been briefed and is now ripe for disposition.

**I.     Background.**

Plaintiff, Adria E. Roberson, brought this action against defendant, BancorpSouth Bank, Inc., alleging claims of sexual harassment, gender discrimination and retaliation under Title VII. On March 1, 2013, Magistrate Judge Nelson entered a Rule 16(b) Scheduling Order (doc. 16) providing, in relevant part, that "*Any motion* for leave to amend the pleadings or to join other parties must be filed on or before **May 13, 2013**." (Doc. 16, ¶ 5 (emphasis in original).)

On August 23, 2013, Roberson filed her Motion for Leave to File Amended Complaint, explaining that she wished to amend her pleading "to clarify her factual allegations in support of her existing causes of action pending in this matter." (Doc. 36, at 1.) Plaintiff indicated that "[a]s a result of [the] discovery process it has become apparent that the Plaintiff's retaliation claim … is grounded in 'the participation clause' of said code section" and that she wished to clarify the factual allegations in her pleading to delineate the nature of her Title VII retaliation claim. BancorpSouth opposes the Motion on various grounds.

**II.     Analysis.**

Although the parties principally spar as to whether a "participation clause" retaliation claim under Title VII is the same as, or different than, an "opposition clause" retaliation claim under Title VII, the Court need not and does not reach that issue at this time. Defendant's

alternate ground for opposing plaintiff's request is dispositive.  In particular, BancorpSouth correctly points out that the deadline fixed in the Rule 16(b) Scheduling Order for motions to amend the pleadings expired several months before Roberson requested leave to amend.  The scheduling order deadline is neither aspirational nor advisory.  In that regard, the Federal Rules of Civil Procedure provide that scheduling order deadlines "may be modified only for good cause and with the judge's consent."  Rule 16(b)(4), Fed.R.Civ.P.[1]  The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation and internal quotation marks omitted); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").  This rule is strictly enforced, particularly where, as here, the nonmovant has objected to the proposed amendment as untimely under the applicable scheduling order.[2]

It is no answer to argue, as Roberson does, that leave to amend is freely granted under Rule 15, Fed.R.Civ.P.  To be sure, motions for amendment of pleadings are ordinarily evaluated through the lens of the liberal amendment policy embodied in Rule 15(a)(2) ("The court should freely give leave when justice so requires.").  However, the more stringent Rule 16(b)(4) test applies where, as here, the request for amendment postdates the applicable scheduling order deadline.  Were the law otherwise, scheduling orders would be trivialized to the point of meaninglessness.  *See Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299

---

[1]     *See also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1312 (11th Cir. 2009) (where motion to amend came long after scheduling order deadline, "Plaintiffs were required to show good cause under Federal Rule of Civil Procedure 16(b)."); *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b).").

[2]     *See, e.g., Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, *1 n.3 (S.D. Ala. June 22, 2012) ("[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril … Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.") (citation omitted); *Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, 2009 WL 1118944, *2 n.5 (S.D. Ala. Apr. 27, 2009) ("Particularly where a nonmovant objects to a proposed amendment as untimely under the applicable scheduling order, this Court has strictly applied the Rule 16(b) 'good cause' standard to belated amendments to the pleadings.").

(11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation omitted); *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) ("despite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with … Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend" after the scheduling order deadline).

Plaintiff does not endeavor to formulate a "good cause" argument, nor does she directly address BancorpSouth's Rule 16(b)(4) ground for opposing the Motion.  By all appearances, Roberson had or could have had all of the facts she needed to frame her "participation clause" retaliation claim well in advance of the applicable deadline, a circumstance which negates good cause.  *See, e.g., Wolk v. Kodak Imaging Network, Inc.*, 840 F.Supp.2d 724, 735 (S.D.N.Y. 2012) ("[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.") (citation omitted); *Kendall v. Thaxton Road LLC*, 2011 WL 3903400, *5 (11th Cir. Sept. 7, 2011) (no good cause for untimely amendment where "the facts with which Kendall wished to amend his complaint were known to Kendall at the time he filed his initial complaint").  To the extent that Roberson might suggest that new information was disclosed during discovery, such a suggestion does not suffice under Rule 16(b)(4) because she does not specify what those facts were, why they were previously undiscoverable, or how they promote a "participation clause" theory of retaliation. *See Smith*, 487 F.3d at 1367 (where plaintiff claims that untimely amendment should be excused because discovery yielded new information, such an argument does not satisfy Rule 16(b)(4) where plaintiff "failed to further indicate what those new violations were, what facts supported them, and why those facts previously were undiscoverable").

Nor does plaintiff establish the requisite good cause via her position that there would be no prejudice to defendant if the amendment were allowed.  Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.  *See De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) ("In short, diligence is the key to satisfying the good cause requirement."); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp.2d 778, 786 (E.D.N.C. 2011) (opining that court has "no cause" to address prejudice "where the initial Rule 16(b) requirement of diligence has not been met"); *Southern Track & Pump, Inc. v. Terex Corp.*,

722 F. Supp.2d 509, 521 (D. Del. 2010) ("the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party") (citation omitted); *Chao v. Westside Drywall, Inc.*, 709 F. Supp.2d 1037, 1074 (D. Or. 2010) ("lack of prejudice to the non-moving party does not constitute good cause" for an untimely amendment).  As such, an allegation that defendant would not be prejudiced if the amendment were permitted cannot help plaintiff in the absence of a threshold showing of diligence, which she has not made.

In short, on this record, the Court readily concludes that Roberson, who is requesting modification of the Rule 16(b) Scheduling Order's deadline for motions to amend pleadings some three and a half months after that deadline expired, has failed to make the necessary showing of good cause for such modification.  The orderly, efficient passage of lawsuits through the federal courts demands that the Federal Rules of Civil Procedure be followed, that the parties adhere to Scheduling Orders, and that parties act diligently to safeguard their rights and advance their positions.  Under the circumstances present here, allowing plaintiff's dilatory amendment would undermine each of these objectives, supplanting predictable procedural rules and rigorous scheduling deadlines with an *ad hoc*, chaotic, "anything-goes" approach.  This the Court is unwilling to do.

## III.   Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Leave to File Amended Complaint (doc. 36) is **denied** as untimely.

DONE and ORDERED this 12th day of September, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE